IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL A. KELLY, JR.,** : | |
| : | Case No. 15-CV-2233 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Terence P. Kemp |
| **FREDERICK SHOEMAKER,** *et al.*, : | |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

Before the Court is the Magistrate Judge's Report and Recommendation that Plaintiff Michael A. Kelly, Jr.'s Complaint in the above-styled matter (Doc. 2) be dismissed in its entirety as to the four originally-joined Defendants. (Doc. 3.) Plaintiff timely filed his Objection to the Report and Recommendation, and Plaintiff joined Ohio Medicaid as the fifth Defendant. (Doc. 5.) For the reasons that follow, the Court **UPHOLDS** the Magistrate Judge's Report and Recommendation, **DISMISSING** Plaintiff's case in its entirety as to the four originally-joined Defendants. The Court also *sua sponte* **DISMISSES** Plaintiff's case against Ohio Medicaid for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

### I. BRIEF BACKGROUND

Plaintiff moved the Court for leave to proceed in the matter *in forma pauperis* on May 27, 2015. (Doc. 1.) Plaintiff attached his Complaint to the Motion. (Doc. 1-2.) Plaintiff brought suit under 28 U.S.C. §§ 1343(3) and 1331 against four Ohio judicial officers. (Doc. 2 at 2.) Plaintiff claims that the officers have harmed him in various ways, all of which involve entries of judgment or other actions taken in those judicial officers' official capacities. (Doc. 2 at 3.) On June 23, 2015, the Magistrate Judge issued its Report and Recommendation, recommending that

Plaintiff's case be dismissed under the doctrine of absolute judicial immunity as to the four originally-joined Defendants. (Doc. 3.) Plaintiff filed his Objection on July 2, 2015. (Doc. 5.) Plaintiff's Objection added Ohio Medicaid as a fifth Defendant, who Plaintiff claims harmed him in violation of the Eighth and Fourteenth Amendments to the United States Constitution. (Doc. 5 at 2-3.)

## II. OBJECTIONS TO REPORT AND RECOMMENDATION

### A. Standard

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Only objections that are specific are entitled to a *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (noting that "[t]he parties have the duty to pinpoint those portions of the Magistrate Judge's report that the district court must specially consider").

In the instant case, the Magistrate Judge screened Plaintiffs' Complaint under 28 U.S.C. §§ 1915(a) and 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint or any part of which that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In conducting an initial screen of Plaintiffs' Complaint, the Court recognizes that Plaintiffs are proceeding without the benefit of an attorney. A *pro se* litigant's pleadings must be, and in this instance are, construed liberally and have been held to

2

less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### B. Analysis

The Magistrate Judge dismissed all claims against the four originally-joined Defendants on the grounds of absolute judicial immunity. (Doc. 3 at 3.) Plaintiff's Objection provides no understandable or colorable argument why absolute judicial immunity does not dispose of the matter against the four originally joined Defendants. Because Plaintiff objects neither specifically nor understandably to the Magistrate Judge's dismissal of the case against the four originally-joined Defendants, the Court **UPHOLDS** the Recommendation of the Magistrate Judge, **DISMISSING** the case in its entirety against them. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (objections to the magistrate's report and recommendation "must be clear enough to enable the district court to discern those issues that are dispositive and contentious.") (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). This ends the Court's treatment of the Magistrate Judge's Report and Recommendation, which concerned only the four judicial officers. Nevertheless, in pursuit of judicial efficiency, the Court now turns *sua sponte* to Plaintiff's claim against Ohio Medicaid, the newly joined Defendant.

### III. DISMISSAL UNDER RULE 12(b)(1)

### A. Standard

The Sixth Circuit recognizes a district court's authority to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure *sua sponte* and at any time "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Further,

dismissals for lack of jurisdiction under *Hagans* are not subject to any requirement that a plaintiff be given leave to amend their complaint. *Apple*, 183 F.3d at 479 (citing *Tingler v. Marshall*, 716 F.2d 1109, 1111 (6th Cir. 1983)).

### B. Analysis

Plaintiff brings suit under 42 U.S.C. § 1983, arguing that Ohio Medicaid, under color of law, violated his rights secured by the Cruel and Unusual Punishments Clause of the Eighth Amendment to the United States Constitution, and the Fourteenth Amendment's incorporation of that prohibition against the states. Plaintiff is correct that the Cruel and Unusual Punishments Clause has been incorporated against the states. *See Robinson v. California*, 370 U.S. 660, 666 (1962) (invalidating a California law under the Eighth Amendment's prohibition against cruel and unusual punishment). Plaintiff's claim against Ohio Medicaid nevertheless fails.

The cruel and unusual punishment Plaintiff avers he has suffered is inadequate medical treatment and a "horrific" botched medical procedure. (Doc. 5 at 3.) Although substandard medical care can give rise to an Eighth Amendment cruel and unusual punishment claim, such a claim arises only in the context of incarceration or other punishment meted out by the government. *See, e.g., Farmer v. Brennan*, 511 U.S. 825 (1994) (prison officials may be held liable for an Eighth Amendment violation denying humane conditions if officials know an inmate faces substantial risk of serious harm yet disregard the risk by refusing to take reasonable steps to lessen it). This makes sense because the Cruel and Unusual Punishments Clause prohibits cruel and unusual *punishments*, and not mere conditions or treatment. *Farmer*, 511 U.S. at 826. Although Plaintiff has been previously incarcerated, and has even previously alleged inhumane treatment at the hands of Ohio Department of Rehabilitation and Correction, (*see* Doc. 2 at 82), Plaintiff's claims of substandard medical care here are unconnected to any punishment

meted out by the government—medical care for inmates falls under the purview of the Bureau of Medical Services of the Ohio Department of Rehabilitation, and not Ohio Medicaid. *See* "Ohio Department of Rehabilitation and Correction: Bureau of Medical Services," *available at* *http://www.drc.ohio.gov/web/medical.htm* (last seen May 5, 2016).

Because Plaintiff's allegations against Ohio Medicaid are unrelated to punishment, his Eighth Amendment claim is devoid of merit and, thus, not a matter over which the Court has subject matter jurisdiction. *Farmer*, 511 U.S. at 826; *see Apple*, 183 F.3d at 479.

## CONCLUSION

The Court **UPHOLDS** the Magistrate Judge's Report and Recommendation, **DISMISSING** Plaintiff's case in its entirety as to the four originally-joined Defendants. The Court also *sua sponte* **DISMISSES without prejudice** Plaintiff's case against Ohio Medicaid for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The Clerk is **DIRECTED** to enter judgment in favor of Defendants. This case is **DISMISSED**.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
ALGENON L. MARBLEY
UNITED STATES DISTRICT COURT

**Dated: May 12, 2016**